## Commonwealth *v.* James Cornelly, Appellant.

*Evidence—Impeaching and defending character of witness—Charge of court.*

Greater latitude is allowed in supporting than in attacking the character of a witness.   If the party making the attack is allowed to choose his own time and neighborhood, it may be difficult in many cases to parry an attack.   The witness in vindication is not confined to the same time and place.   It is some evidence as to character that witnesses called have never heard ill of the person in question.

The above rules on this subject as laid down in the opinion of Mr. Justice RODGERS in Morss v. Palmer, 15 Pa. 51, were in extenso read to the jury.   *Held,* that it was a proper course for the trial judge to pursue as the principles have been repeatedly recognized by the Supreme Court and are uniformly followed in practice.

*Charge of court—Adequate comment on evidence.*

A charge is not open to exception as to its comments on the evidence where the trial judge expresses no positive opinion nor any view intended to be binding on the jury, but where on the contrary he expressly leaves it to the jury to consider and pass upon all the questions referred to in the specifications of error.

Argued Feb. 14, 1898.   Appeal, No. 29, Feb. T., 1898, by

defendant, from sentence of Q. S. Center Co., Aug. Sess., 1897, No. 9, on verdict of guilty. Before RICE, P. J., WICKHAM, BEAVER, ORLADY and SMITH, JJ. Affirmed.

Indictment for attempting to burn building. Before LOVE, P. J.

The defendant was indicted for the burning of an electric light building, and under a separate indictment for attempting to burn an armory, both situated in Bellefonte. Both cases were tried before the same jury and the defendant was acquitted of the charge of burning the electric light building but was convicted for the attempt to burn the armory. The testimony largely relied upon by the commonwealth to sustain the conviction was that of A. W. Gillespie, a detective who had been brought to Bellefonte to inquire into a series of fires. The defense offered evidence tending to impeach the character of the witness for truth and veracity. It appeared also in evidence that the defendant had previously pleaded guilty on a charge of larceny.

Verdict of guilty and sentence thereon. Defendant appealed.

*Errors assigned* were (1) In instructing the jury as follows: " In relation to the question of evidence in support of the reputation of a witness whose testimony is attacked, the law is very fully discussed by Justice RODGERS of the Supreme Court in the case of Morss v. Palmer, a case in which there were exceptions taken because certain witnesses who testified in support of · the reputation of another testified that they did not hear it attacked for truth and veracity. I will read part of the opinion on that question as found in 15 Pa. 56." (Here the court read from the opinion of Mr. Justice RODGERS on page 56, beginning, " In Chess v. Chess, 1 P. & W. 32," etc.) (2) In instructing the jury as follows : " We next call your attention to the fire which occurred on the 20th or 21st of May last, which was an attempt to burn the armory. The testimony is quite meager in relation to that whole transaction. You heard the testimony of A. W. Gillespie, and you saw him upon the witness stand. He testified that he had been shadowing the house for some time ; that he is employed by

what is known as a careful and reputable detective agency; that he came here for the purpose of ascertaining who had effected the series of fires here which were regarded by most people as of incendiary origin; and he came here in a lawful pursuit. Of course the means a man may have to resort to to get familiar and ascertain the facts in relation to whether or not a crime has been committed, are various; and many deceptions have to be resorted to; but, if they are legitimate means, they do not weigh against his credibility." (3) In instructing the jury as follows: "As I said before, you will consider the character of the witnesses and the extent of their contradiction; and as to the attack on the character of Gillespie for truth and veracity, we hardly think the evidence came up to the standard to render him unworthy of belief, but it is for you to determine from the evidence adduced; and unless you find his testimony materially contradicted, you will give it the consideration you deem it entitled to under all the evidence in the cause." (4) In instructing the jury as follows: "James Cornelly is made a competent witness by the act of assembly, and you are to determine whether or not his story is true. You must take into consideration the interest he has in this trial, and whether or not he has been materially contradicted by others on material points, that would render his testimony less worthy of credence. And you will bear in mind that testimony was produced of his having pleaded guilty of larceny, not as evidence of guilt in this case, but to be considered with the other evidence as to his credibility." (5) The charge of the court was inadequate, and failed to present properly the evidence of the defense. (6) In overruling the offer of defendant to prove upon cross-examination of A. W. Gillespie the detective, what salary he was receiving, and by whom it was paid. The purpose being to show the interest and bias of the witness, so as to affect his credibility before the jury. (7) In rejecting the offer of evidence on the part of the defendant to show by the defendant himself on re-examination that he had no malice or unfriendly feelings towards Col. Reynolds, the owner of the armory building, for the purpose of disproving motive or malice. The court rejecting such offer on the ground that no evidence had been produced on the part of the commonwealth to show that defendant or witness on stand had any malice or special

reason for committing the offense charged in these two indictments. The evidence was not, therefore, material, there being no presumption of malice.

*A. O. Furst,* with him *H. S. Taylor,* for appellant.—The court below neglected to explain to the jury the precise question at issue, and calls attention to the evidence of one side only; the charge was not an adequate presentation of the case to the jury: Young v. Merkel, 163 Pa. 513; Reber v. Herring, 115 Pa. 599.

If a motive to commit a crime may be shown by the commonwealth, why may not the absence of a motive be shown to render the allegation improbable? Com. v. Spink, 27 W. N. C. 37.

It was clearly competent to show how the detective was paid, by whom and what amount. A party may always put such questions to a witness in cross-examination as tend to show his favor or bias toward the party calling him: Com. v. Bell, 4 Pa. Superior Ct. 187; Fulton v. Bank, 92 Pa. 112.

A party against whom a witness is produced, has a right to ask him everything which may, in the slightest degree affect his credibility: Cameron v. Montgomery, 13 S. & R. 127.

*Wilbur F. Reeder,* with him *William J. Singer,* for appellee.

OPINION BY SMITH, J., March 21, 1898:

The defendant, by separate indictments, was charged with burning an electric light plant and with attempting to burn an armory; and the issues were tried together. On the former indictment, the defendant was acquitted; on the latter he was convicted.

The instruction respecting testimony as to the reputation for truth and veracity, which is assigned for error in the first specification, consists of a passage quoted verbatim from the opinion of the Supreme Court in Morss v. Palmer, 15 Pa. 51. The only merit of this specification is its novelty. The principles thus cited and applied to the case in hand, by the trial judge, have frequently been recognized by the supreme court, and are uniformly followed in practice. I have never before known them to be questioned. To describe the instruction complained of as " a perversion of the law," is a marked perversion of professional zeal.

The second, third and fourth specifications complain of the charge on questions of fact raised by the evidence. We have read the testimony sent up with the record and we fail to see wherein these specifications present anything not warranted by the evidence. The learned trial judge expressed no positive opinion, or any view intended to be binding on the jury; on the contrary he expressly left it to the jury to consider and pass upon all the questions referred to in these specifications. No exception was taken to the admission of the testimony that the defendant had been convicted of larceny, and this testimony was referred to only as bearing on the defendant's credibility. In Rohn v. Borland, 5 Cent. Rep. 562, a similar question was treated in the same manner as here, and received the express approval of the Supreme Court. We perceive no error in that part of the charge quoted in the fourth specification. The fifth specification is in disregard of the rules of this court. The complaint thus inadequately aimed at is unwarranted. The charge was sufficient, and in the light of the evidence was fair to the defendant. We are not convinced that it was error to exclude the offer of evidence set out in the sixth specification. It was objected to on the ground that the salary of the witness had· previously been inquired about. An examination of the evidence shows this to be the fact, and that the witness stated that he was employed in this case by the Perkins Union Detective Agency, and was being paid for his work. It is not alleged that this testimony was untrue or that any other person was concerned in the employment; and we cannot see wherein the defendant was prejudiced by the refusal to have the subject canvassed anew. The last specification alleges error in the refusal of the court to allow the defendant to be re-examined and show by his own testimony that he had no malice or unfriendly feeling toward the owner of the armory. In support of this offer the appellant's counsel cite authority for the proposition that evidence of motive is always admissible. It was unnecessary to cite authorities for so well established a proposition. That the existence of a motive for the commission of the crime may be shown, is not to be doubted, and the evidence thereof may be refuted by the defendant. The presence or absence of a motive may be inferred from circumstances. But the offer here is indefinite as to time, even admitting that want of

motive is meant. It may relate to a period before or after the time of the offense charged, and for this reason was properly rejected. Whether a defendant, when on trial, would be allowed to swear himself free from the malice which is implied from his acts, may well be doubted.

. The caustic criticism of the learned trial judge in the argument, both oral and written, by the appellant's counsel, is not justified by anything appearing in the record. The case was fairly tried, with due regard for the rights of the defendant as well as for those of the commonwealth, and no error calling for a reversal of the judgment has been shown.

The judgment is affirmed.